## D. C. BEAUCHAMP *v.* D. B. COMFORT.

1. CONFEDERATE MONEY : CONSIDERATION : EXECUTED CONTRACTS. — Executed contracts based on the consideration of Confederate money, are valid.

2. CONTRACT FOR SALE OF PERSONALTY, WHEN EXECUTED. — A contract for the sale of specific personal property is executed when the purchase-money is paid, though the seller retains possession of the property, as the bailee of the purchaser.

ERROR to the Circuit Court of Leake county.   Hon. Wm. Hancock, judge.

Defendant in error sued to recover from plaintiff in error the value of five bales of cotton.   The declaration sets out the written contract referred to in the opinion of the court.   The plaintiff

D. C. Beauchamp *v.* D. B. Comfort.

in error pleaded: 1st. Non assumpsit. 2d. That the contract sued on contemplated payment in Confederate money, which, at the time, was worth thirty to one, as compared with gold coin or United States currency. 3d. That the cotton was wholly destroyed without the neglect of plaintiff in error. 4th. That the consideration of the contract for the sale of the cotton was Confederate money, illegally issued, and therefore void. The 2d, 3d, and 4th pleas were demurred to. The demurrer to the 2d and 4th was sustained, and to the 3d plea confessed. Jury and verdict against plaintiff in error for three hundred dollars. Writ of error to this court.

*Raymond Reid* for plaintiff in error.

*Jason Niles* for defendant in error.

JEFFORDS, J., delivered the opinion of the court.

· The declaration in this case alleges, that on the 17th day of June, A.D. 1864, said defendant received from the plaintiff the sum of twelve hundred and eighty-eight dollars and fifty cents, in full payment for five bales of cotton, weighing in the aggregate 2,577 pounds, which said cotton, after having been thus paid for, was left in the care and keeping of said defendant, to be by him kept in good order, and to be delivered by the defendant to the plaintiff or his order when called on to deliver the same. Plaintiff avers that the defendant has wholly failed and refused to deliver said cotton to plaintiff or his order, though often called on to deliver the same, and still refuses so to do, to the damage of the plaintiff, in the sum of fifteen hundred dollars, &c.

The following is a copy of the instrument sued on:—

"$1,288$\frac{50}{100}$. Received of D. B. Comfort, the sum of twelve hundred and eighty-eight and $\frac{50}{100}$ dollars, in full payment for (5) bales of cotton, weighing in the aggregate 2,577 pounds; at 50 cents a pound. I agree to keep said cotton in good order, and deliver the same to said Comfort or his order whenever called

upon to do so.   This obligation is to bind me only so far as for me to do my duty in keeping the cotton housed and dry.   If the cotton by accident should be burnt or injured in any other way, not by neglect, I am not responsible.   June 17, 1864.

(Signed)                         " D. C. BEAUCHAMP."

The defendant in the Circuit Court pleaded four pleas, — the general issue and three special pleas.

The second and fourth pleas admit the sale of the cotton, and payment of the purchase-money, but aver that payment was wholly in Confederate States treasury notes or currency, averred to have been issued without authority of law and contrary to public policy, and that said contract was illegal and null and void.   The third plea avers that the cotton set forth in the complaint of the plaintiff was wholly destroyed without the neglect of the defendant, and cannot now be delivered.

The plaintiff demurred to each of these special pleas, which was sustained as to the second and fourth pleas, whereupon leave was granted the defendant to answer over, which he declined to do, and judgment was rendered in favor of plaintiff on said pleas.   The defendant confessed the demurrer to his third plea, and asked leave to amend the same, which was granted, but no amended plea appears in the record.   The record recites that on the 23d day of August of 1867, " came the parties by their attorneys, and issue being joined, a jury came to try said issue joined," &c.   The jury returned a verdict in favor of the plaintiff for the sum of three hundred dollars, upon which verdict judgment was rendered in due form, to reverse which the present writ of error is prosecuted.

There are three assignments of error.

1. The court below erred in sustaining the demurrer of plaintiff to the fourth plea of defendant.

2. The court below erred in sustaining the demurrer of plaintiff to the second plea of the defendant.

3. The court below erred in the judgment entered up in said case in said court.

The sole question presented for the consideration of this

court is, whether the decision of the Circuit Court, in sustaining the demurrers of the plaintiff to the pleas of the defendant, was correct or not.  It must be borne in mind that this was an action to recover the value of the cotton left by the defendant in error with the plaintiff in error, as bailee, which he failed and refused to deliver according to contract, and not on the contract of sale, which had been fully completed and executed, by designating the particular number of bales and pounds of cotton sold, and by the written acknowledgment of the receipt of the purchase-money in full.

In the case of *Frazer* v. *Robinson & Daniel,* at the present term, we have held that where a contract based on Confederate money, as the consideration, had been executed, this court could not disturb it, and that it was a good and valid consideration in all such cases.

The sale in this case being complete, and the contract of sale entirely executed, the relation of vendor and vendee no longer existed between the parties, but that of bailor and bailee without reward; which imposed on Beauchamp the use of ordinary care and diligence.

We are of opinion that the ruling of the Circuit Court in sustaining the demurrers of the plaintiff below to the pleas of the defendant, was correct.  The defendant having confessed the demurrer as to the third plea, no question can arise here as to the sufficiency of that plea.

Under the existing state of pleadings and the record before us, the only question was one of fact alone for the jury to determine; and the jury having passed upon that, and there being no motion for a new trial, and no bill of exceptions bringing the facts before this court, we are bound to presume that the verdict of the jury and the judgment of the court founded thereon are correct.

Judgment affirmed.